## UNITED STATES DISTRICT COURT

## DISTRICT OF MINNESOTA

| | |
|---|---|
| Jeffrey S. Gundersen, | Civil No. 05-1134 (RHK/RLE) |
| Petitioner-Appellant, | |
| v. | **MEMORANDUM AND ORDER** |
| W.I. LeBlanc, Warden, FMC-Rochester, | |
| Respondent-Appellee. | |

The above-named Petitioner, a federal prisoner, is attempting to appeal the Court's denial of his petition for a writ of habeas corpus under 28 U.S.C. § 2241. The matter is presently before the Court on Petitioner's application for leave to proceed in forma pauperis, ("IFP"), on appeal. (Docket No. 29.)

A litigant who seeks to be excused from paying the $455 filing fee for an appeal in a federal case may apply for IFP status under 28 U.S.C. § 1915. See also Fed. R. App. P. 24(a). To qualify for IFP status, the litigant must demonstrate that he or she cannot afford to pay the full filing fee. 28 U.S.C. § 1915(a)(1). Even if a litigant is found to be indigent, however, IFP status will be denied if the Court finds that the litigant's appeal is not taken in "good faith." 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context is judged by an objective standard and not by the subjective beliefs of the appellant. Coppedge v. United States, 369 U.S. 438, 444-45 (1962). To determine whether an appeal is taken in good faith, the Court must decide whether the claims to be decided on appeal are factually or legally frivolous. Id. An appeal is frivolous, and therefore cannot be taken in good faith, "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

In this case, Petitioner falsely claims in his IFP application that "[t]his Court has already found me

to be indigent in this civil action and has already granted me In Forma Pauperis status." If that statement were true, then Petitioner would automatically be entitled to proceed IFP on appeal. See Fed. R. App. P. 24(a)(3). In fact, however, Petitioner paid the full $5.00 filing fee when he commenced this action in the District Court, and he has not previously sought or been granted IFP status in this case. The Court further notes that Petitioner's current IFP application form is incomplete, because (a) it shows that he has been receiving certain "gifts or inheritances," but it does not disclose the amount of money that he has received, and (b) the form does not provide any information regarding Petitioner's prison trust account or other possible assets.[1]

Despite the notable flaws in Petitioner's IFP application, the Court will accept his averments that he has been in prison since 1998, that he is indigent, and that he is unable to pay the $455 filing fee for the appeal that he is attempting to bring in this matter. Thus, the Court finds that Petitioner is financially eligible to proceed IFP on appeal.

Although the Court remains fully satisfied that Petitioner's habeas corpus petition was properly denied, his appeal is not deemed to be "frivolous," as that term has been defined by the Supreme Court. Therefore, Petitioner's appeal is considered to be taken in "good faith" for purposes of 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24(a)(3), and his IFP application will be granted.

Based upon the foregoing, and all of the files, records and proceedings herein,

IT IS HEREBY ORDERED that:

---

[1] It appears that Petitioner's IFP application form is incomplete because he submitted only the first side of a two-sided form.

Petitioner's application to proceed in forma pauperis on appeal, (Docket No. 29), is GRANTED.

Dated: July 5, 2006

                                                              s/Richard H. Kyle
                                                              RICHARD H. KYLE
                                                              United States District Court Judge